NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|  | : | |
| Plaintiff, | : | |
|  | : | Crim. No. 97-680 (GEB) |
| v. | : | |
|  | : | **MEMORANDUM OPINION** |
| ANGEL LUIS COLON, | : | |
|  | : | |
| Defendant. | : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of Defendant Angel Luis Colon ("Colon") to modify his sentence. (Colon Mot. Br.) [Docket # 14] Plaintiff the United States of America (the "Government") opposes Mr. Colon's present motion. (Govt.'s Opp'n Br.) [# 16] Having considered the parties' submissions, the Court will deny Mr. Colon's motion for the reasons that follow.

**I.     BACKGROUND**

On January 31, 1997, Mr. Colon was sentenced in New Jersey Superior Court to a term of 30 years incarceration after he plead guilty to murder. (Govt.'s Opp'n Br. at 1.) [# 16] Subsequently, on July 15, 1997, Mr. Colon pled guilty in this Court to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*Id.*)  Following that guilty plea, on April 3, 1998, this Court sentenced Mr. Colon to, "a term of 82 months, 22 months to run concurrent and 60 months to run consecutive to [Colon's] imprisonment under any previous state or federal sentence" for violation of 18 U.S.C. § 922(g). (Colon Judgment at 2.) [#14]

On March 5, 2009, Mr. Colon filed the instant motion to modify his federal sentence pursuant to 18 U.S.C. §§ 3553(a) and/or 3584(a). (Colon Mot. Br.) [#14] Specifically, Mr. Colon seeks to have his entire federal sentence run concurrently with his state sentence. (*Id.*) In the alternative, Mr. Colon asks that this Court designate East Jersey State Prison as the venue for his federal incarceration. (*Id.*) The Government opposes Mr. Colon's motion, and asserts that neither 18 U.S.C. § 3553(a) nor 3584(a) authorize the relief Mr. Colon requests. (Govt.'s Opp'n Br. at 1.) [# 16] Further, the Government argues that the relief sought by Mr. Colon is time-barred by Federal Rule of Criminal Procedure 35. (*Id.*) The Court agrees with the Government's arguments, and Mr. Colon's present motion will be denied.

II.     DISCUSSION

   A.  Pro Se Legal Standard

Mr. Colon filed the present motion *pro se*. As such, the Court must apply a more liberal standard of review to his claims than it would to a petition filed with the aid of counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance); *United States ex. rel Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (U.S. June 22, 1970) (stating that *pro se* petitions should be liberally construed).

   B.  Application

In the present motion, Mr. Colon seeks to have his federal sentence modified to run concurrently with his state sentence, or in the alternative, to have the Court designate East Jersey State Prison as the venue for his federal incarceration. (Colon Mot. Br.) [ # 14] In his *pro se*

2

moving brief, Mr. Colon argues that the Court is authorized to grant the relief he seeks pursuant to 18 U.S.C. §§ 3553(a) and/or 3584(a).  (Colon Mot. Br.) [#14]   The Government, however, argues that neither of these statutes authorize the Court to grant Mr. Colon relief.  The Government is correct.  The plain language of both 18 U.S.C. § 3553(a) and 18 U.S.C. § 3584(a) makes clear that neither statute is applicable where, as here, a defendant asks the Court to alter a sentence that has already been imposed.

Furthermore, the Government argues that the relief Mr. Colon seeks is time-barred by FED. R. CRIM. P. 35, which states:

> **Rule 35.  Correcting or Reducing a Sentence**
>
> **(a) Correcting Clear Error.**  Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
>
> ....
>
> **(c) "Sentencing" Defined.**  As used in this rule, "sentencing" means the oral announcement of the sentence.

This Court sentenced Mr. Colon within the meaning of FED. R. CRIM. P. 35 no later than April 3, 1998.  (Colon Judgment.) [#14]   Thus, more than ten years have passed since this Court sentenced Mr. Colon.  As such, the Court agrees with the Government's argument that Mr. Colon is barred from seeking relief under FED. R. CRIM. P. 35.

In sum, Mr. Colon has failed to identify sufficient legal authority for relief, and his present motion will therefore be denied.

### III.   CONCLUSION

For the foregoing reasons, Mr. Colon's present motion to modify his sentence will be

DENIED.  [# 14]  An appropriate form of order accompanies this memorandum opinion.

Dated: April 22, 2009

                                                      /s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.